## LLOYD BENTLEY v. B. A. CRANMER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF BRADFORD COUNTY.

Argued March 17, 1890—Decided October 27, 1890.

1. Where points presented for instruction are affirmed by the trial judge, with an explanation of the meaning of certain words used in them, as applicable to the case, and the accuracy of the explanation is not called in question, it cannot be alleged as error that the points should have been affirmed without qualification.

2. In the absence of a request for a direction to find for the defendant, on the trial of an action for personal injuries, it cannot be alleged that the case should have been taken from the jury, on the ground of contributory negligence and that the injury was received under a risk apparent and assumed by the plaintiff as incident to his employment.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Charge of Court below.

No. 10 July Term 1889, Sup. Ct.; court below, No. 804 May Term 1887, C. P.

On April 23, 1887, Lloyd Bentley brought trespass against B. A. Cranmer to recover damages for personal injuries charged to the negligence of the defendant. Issue.

At the trial on March 27, 1889, it was shown that the defendant had a coal yard in the village of Monroe and received his coal from the State Line & Sullivan railroad, delivered to him upon an elevated turnout twelve or fifteen feet high, and dropped beneath the track. The turnout was used chiefly for open coal cars or "gondolas;" but sometimes, to lengthen the train so as to put the coal cars to their destination without running the engine and tender upon the track, ordinary box cars, which were wider than the coal cars, were put into the train to lengthen it. Some of the box cars had ladder-like ascents upon the ends; others, at the sides, reaching to the top of the car. The defendant had erected a telephone pole near to the track, a crooked one with the bend toward the cars when upon the track. The plaintiff's witnesses testified that at the time of the injury complained of the pole was about twelve inches or less from the side of a box car; witnesses for the defendant testified that it was from twenty to twenty-two inches. There was evidence that the pole was in view for quite a distance from it on the track, when on January 11, 1887, the plaintiff, a brakeman in regular employment by the railroad company, while ascending a box car by a side ladder, in the discharge of his duty, as he testified, was struck by the telephone pole as the car was passing it and knocked off with a broken arm and other injuries. There was testimony on the part of the defendant that the plaintiff was seen to fall from the top of the car, and therefore could not have been struck by the pole.

At the close of the testimony, the court, SEELY, P. J., charged the jury, answering the points presented, as follows:

In order that you may understand the law governing this case, we will now proceed to answer certain points which the defendant's counsel have submitted to us, in which they ask us to charge you:

1. That an employee of a railroad company, who, having had

Charge of Court below.

an opportunity of becoming acquainted with the risks of his situation, accepts them, cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties, he assumes such risks as are incident to their discharge from causes open and obvious, and the dangerous character of which he has had an opportunity to ascertain.

Answer: We affirm this point, suggesting, with reference to the use of the words "opportunity to ascertain," as used in this and other points, that the word may be received in a sense in which it is not correct. That is, a person may be so situated that, by the use of means which he is not called upon to use, he might be able to discover a danger which is incident to his employment, and which is not open and obvious, and which in the ordinary course of his business he could not be expected to discover. For instance, a man might be so situated, having time and leisure upon his hands, that by looking around and making an inspection it might be possible for him to discover something which would cause danger to him in his employment, and which he would not discover except by going entirely outside of his duties and making a special examination. This might, in one sense, be said to be an opportunity to ascertain the danger. But we understand this expression, "which he had an opportunity to ascertain," to mean that the danger must be so obvious and so open to observation by the use of his senses that with the exercise of ordinary care, in the use of his senses, he should have been able to discover and know the danger. If, in such a case, he fails to discover the danger, and neglects to use the senses which the Almighty has given him, and shuts his eyes to dangers which are apparent, he cannot complain afterward and allege that he had no knowledge of these dangers.[1]

2. A servant or employee of a railroad company assumes all the risk of all the dangers of his employment, however they may arise, against which he may protect himself by the use of ordinary observation and care.

Answer: That is true. He is bound to use and exercise ordinary care to protect against danger, and if he fails to do so, and suffers, he cannot complain.

3. If the plaintiff knew of the dangerous proximity of the telephone pole, or ought to have had knowledge of it by the

Charge of Court below.

exercise of ordinary observation, it being in plain sight of all engaged about the siding, and notwithstanding this, undertook to uncouple the cars while they were descending the decline, when by waiting a few moments he could have done so without danger, but, instead of so doing, he chose to run the risk, and thus received the injury, then he was guilty of contributory negligence and cannot recover.

Answer: That is true, and we affirm it. If he knew of the danger, or if by the exercise of ordinary observation he ought to have known it, and chose to incur this risk, and as a consequence was injured, he cannot recover in this suit.[2]

4. That if the situation of the telephone pole was open and obvious to all persons working on or about the incline, and the plaintiff had an opportunity to ascertain it, and afterward placed himself on the side of the car, where he came in contact with it, and was injured, then he cannot recover.

Answer: This we affirm, with the same interpretation of this word " opportunity " that we have already given to you.[3]

5. That the plaintiff, not being in the employ of Cranmer, the defendant, the latter was not liable for an injury arising from the proximity of the telephone pole to the incline, on his own land, open and visible to all persons using the siding, and which could have been avoided by the plaintiff, if he had used due care and caution.

Answer: That we affirm. If he could have avoided it by the exercise of due care and caution, he should have done it, and if he failed to exercise such due care and caution, and the result was an injury to himself, he cannot complain.[4]

6. If both plaintiff and defendant were negligent; that is, if the defendant did not use ordinary care and caution in placing the telephone pole near the incline, and the plaintiff did not use ordinary care and caution in avoiding it, then the plaintiff cannot recover, even if the jury should think him less blameworthy than the defendant; for, he is precluded from so doing if he contributed in any degree whatever to the injury.

Answer: That we affirm. And we say to you with reference to this matter of contributory negligence, that where the plaintiff seeks to recover against the defendant upon a charge of negligence, he must himself appear from the evidence to be entirely free from all negligence which contributed in any degree, even

the slightest degree, to produce the injury. Because we cannot measure the comparative degrees of negligence in such cases. If the negligence of the plaintiff contributed in the least degree to produce the injury, no court or jury can say that if he had not been negligent in that slight degree, the injury would have occurred. Therefore, if you find in this case, that the accident was caused in any degree, however slight, by the want of the exercise of ordinary care and prudence on the part of the plaintiff, that precludes him from recovering in this action.

The jury returned a verdict in favor of the plaintiff for $275. Judgment having been entered on the verdict, the defendant took this appeal, specifying that the court erred:

1–4. In the answers to the defendant's points.[1 to 4]

8. " In submitting the case to the jury from all the evidence in the case."

*Mr. D'A. Overton* (with him *Mr. B. M. Peck*), for the appellant.

Counsel cited: Wharton on Negl., § 214; Brossman v. Railroad Co., 113 Pa. 490; Stoneback v. Iron Co., 17 W. N. 295; Marland v. Railroad Co., 123 Pa. 487; Moore v. Railroad Co., 108 Pa. 349; Penna. R. Co. v. Bell, 122 Pa. 58; Phila. etc. R. Co. v. Schertle, 97 Pa. 450; Pittsb. etc. R. Co. v. Sentmeyer, 92 Pa. 276; Phila. etc. R. Co. v. Hughes, 119 Pa. 301; Catawissa R. Co. v. Armstrong, 52 Pa. 282; Pittsb. etc. R. Co. v. McClurg, 56 Pa. 294; McKee v. Bidwell, 74 Pa. 218; Erie City v. Magill, 101 Pa. 616.

*Mr. L. M. Hall* (with him *Mr. Wm. T. Davies*), for the appellee. Counsel cited: Penna. R. Co. v. Kilgore, 32 Pa. 292.

OPINION, MR. JUSTICE McCOLLUM:

The appellant's points were affirmed. In answering the first and fourth the learned judge explained to the jury, as applicable to the case, the meaning of the words " opportunity to ascertain," and the accuracy of his explanation is not questioned. He might well have affirmed these points without explanation, but he cannot be convicted of error for correctly interpreting

Syllabus.

an expression used in them. The first and fourth specifications are based on the answers to them, but there is no attempt to show that these are incorrect or misleading. It may be conceded that an affirmance of the points without comment would have been appropriate and sufficient, yet it cannot be disputed that the answers were the equivalent of it. A consciousness of this pervades the argument of the appellant, which is directed exclusively to the claim he now makes, that the case should have been taken from the jury, on the ground that the injury was caused by a risk which was apparent and assumed by the appellee as incident to his employment, and that his own negligence contributed to it. But no point was presented by the appellant which requested a binding instruction in his favor. It is evident that he did not think he was entitled to such an instruction, until a verdict had been rendered against him. In the absence of a request for a direction to find for the defendant, the principal question discussed in his paper-book is not upon the record. The case was given to the jury with the instructions he solicited, and he has no standing here to complain of the result. But as we have examined and considered the case with reference to the claim now made by the appellant, it is proper to say that he was not prejudiced by the omission to request a binding instruction. The case was for the jury, and was correctly tried and decided.

Judgment affirmed.

